RECEIVED

OCT 2 3 2002

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**02C 7632**

JUDGE DARRAH

MAGISTRATE JUDGE ASHMAN

United States of America ex rel.,         )
SHAWN EDWARDS,B54402,                     )
          Petitioner,                     )
                                          )
                                          )
                                          )    Case No. of state
                                          )    Court Conviction:
          vs.                             )    93 cr 2364
                                          )
                                          )
DONALD SNYDER,(Director),                 )
JERRY L.STERNES,(Warden)et al.,           )
          Respondant.                     )

OCT 2 4 2002

PETITION FOR WRIT OF HABEAS
CORPUS 28 U.S.C.A § 2241,
          (INSTANTER)

NOW COMES Petitioner,SHAWN EDWARDS,pro se in his petition for

Habeas Corpus relief 28 U.S.C.A. § 2241 (INSTANTER) where he is

being unlawfully detained in violation of the Fourteenth Amend-

ment of the U.S. Constitution and the Fourth Amendment of the U.S.

Constitution.

     This Honorable Court has jurisdiction to hear the claims pre-

sented where the state court has failed to recognize and/or grant

relief for state and Federal violations that are contrary to, or

an unreasonable application of clearly established Federal law

as defined by the United States Supreme Court.

     Petitioner's claim is that the Department of Corrections no

longer has jurisdiction to detain him in violation of the law.

## JURISDICTION

This Honorable Court has Jurisdiction to grant relief where an individual is "in custody in violation of the Constitution or laws or treaties of the UNited States". 28 U.S.C. 2241(c)(3) (EMPHASIS ADDED) see also 28 U.S.C. § 2254(a).

## ISSUES PRESENTED

1) Whether under the Fourth Amendment of the U.S. Constitution an individual is in "custody" for the purposes of seizure.

2) Whether an Administrative agency under the Executive branch of Government can modify and/or add additional time to an individual without violating the seperation of powers clause and without violating Due process where no infraction has occured.

## DOCKETING STATEMENT

On January 3,2001 a petition for Habeas Corpus was filed in the circuit Court of Cook County in regards to the improper appllication of the term of Mandatory Supervised Release.

On February 14,2002 a motion for leave to file first amended Habeas Corpus petition showing Judiction was filed.

On September 18,2000 a motion for amended mittimus was filed pertaining to credit for time under bond conditions pursuant the Fourth Amendment.

On January 8,2001 a motion for an order of Nunc Pro Tunc was filed in regards to the application of the MSR term.

Petioner brings his claims as he is entitled to be released where the Department of Corrections are without jurisdiction to detain him beyond that Judicially imposed.

## STATEMENT OF FACTS

Petitioner was placed in custody on January 1,1993 and sentenced to a term of twenty-years under 38 ¶ 1003-6-3(a)(2) before the Honorable Ronald Himel March 23,1994. see mittimus

On January 11,1996,petitioner was released on bond conditions pending a new trial and remain under those conditions until placed back into actual custody on November 18,1997.

Petitioner later filed a motion for amended mittimus requesting that time be credited while under bond conditions under the fourth Amendment. see exhibit

Petitioner filed a motion for Nunc Pro Tunc requesting that the sentencing Court correct the mittimus to accurately reflect that the Mandatory Supervised Release be inclusive within the term imposed by the Court.

Petitioner filed a Habeas Corpus pursuant Article X of the Code of civil procedure challenging the application of the term to his Judicially imposed sentence.where petitioner has a clear entitlement to the rehabilitative process.

Petitioner presents his claims as he has served his term imposed in accord with the Judicial order having earned 90 days good time that would have entitled him to be released August 7,2002. see mittimus and meritorious good time sheet

**ARGUMENT**

**The Illinois Department of Corrections can not add additional time to petitioners sentence without infraction and without going before a Judiciary.**

At bar, exhibit (B) shows that the department of corrections has added an additional 1 year 10 months and 12 days to petitioners sentence in violation of the fourteenth amendment due process and in violation of the fourth amend. and Art. II § 1 separation of powers clause.

As to the fourth amendment claim, petitioner was released on bond conditions on January 11,1996. see orders entered C8-C9 From that time until November 18,1997 petitioner remained seized pending an answer to the states charge.

The Court in <u>U.S. v. Albright,510 U.S. at 290</u> recognized that movement is restrained when seizure occures or bond terms are imposed.

During the above time frame, petitioner was under Illinois law <u>725 ILCS 5/110-10</u> where that section of the code provides that petitioner was seized under Governmental Authority as defined by, <u>Justices of Boston Municipal Court v. Lydon,466 U.S. at 301</u>.

An individual under these conditions remain under constructive custody so as long as he/she is bound to appear in court to answer the states charge. <u>Hensley v.Municipal Court,36 L.Ed.2d 294;</u> <u>Reimnitz v. States Attorney of Cook County,761 F.2d 405,408(7th cir.1985)</u>.

The Fourth Amendment of the U.S. constitution provides:
The right of the people to be secure in their person,houses,
papers,and effect's against unreasonable search and seizures,
shall not be violated and no warrents shall issue,but upon
probable cause,supported by oath or affirmation,and particularly
describing the place to be searched,and the things to be seized.

This concept incorporates within the Ill.const. 1970,Art.1 § 2.
due process safeguards. Accordingly, petitioner was placed in
custody January 1,1993 and sentenced to a term of twenty-years
under the unified code of corrections 38 ¶ 1003-6-3(a)(2) earning
day for day with a discharge date of January 1,2003 in light no
infractions had occured. Petitioner has further earned 90 days
meritorious good time which would have entitled him to be released
August 7,2002. see attached

The Department of Corrections has no authority to enhance a
sentence where no infraction has occured, beyond the Judicially
imposed term. Due to the fact that the department has recalculated
petitioners time to be that of August 7,2004,(see exhibit B) it
has enhanced the sentence without affording any procedural safe-
gaurds with no Judicial determination or Judicial order authoris-
ing such enhancment.

Fairness, the core meaning of our due process guarantees (see
U.S. COnst.,amend.XIV; Ill.Const.1970,art. I § 2), is a flexible
concept which calls for procedural safegaurds tailored to the
demands of a particular legal context. Morrissey v.Brewer,408 U.S.
471,481,92 S.Ct. 2593,2600,33 L.Ed.2d 484,494 (1972).

Where as in the instant case, petitioner is protected by the
Fourteenth Amendment Due process clause,it would be violated if
an administrative agency under the Executive branch of Government
is allowed to impose, modify, or recalculate a sentence imposed
by a Judicial Court of law. To do such,not only violates Due pro-
cess,but also subject's petitioner to a violation of the Eighth
Amendment [Cruel and unusual punishment].

Under the United States Constitution Amendment(XIV) section 1.
All persons born or naturalized in the UNited States,and subject
to the Jurisdiction thereof,are citizens of the United States and
of the State wherein they reside. No State shall make or enforce
any law which shall abridge the privileges or immunities of cit-
izens of theUnited States;nor shall any States deprive any person
of life,liberty,or property, without due process of law;nor deny
to any person within it's jurisdiction the equal protection of
the laws.

At bar, the Illinois Department of Corrections has infringed
upon the authority of the Judiciary and in doing such has violat-
ed petitioners Fourteenth Amendment Due process right by asumimg
the role of a Judiciary and imposing an additional 1 year 10 months
and 12 days where no Judicial order has authorized such enhance-
ment.

This Honorable Court has the authority to enforce the law as
defined by the UMited States Supreme Court,Hensley v. Municipal
Court,411 U.S. 345,351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).
recognizing that a person on bail is still in custody.

A Federal Court may grant a writ of Habeas Corpus when, under a state court judgment, a person is held in custody in violation of the United States Constitution. 28 U.S.C. § 2254(d)(1).

At bar, petitioner would have been released August 7, 2002 without the Department's [in-personam] recalculation. The additional time imposed by the Department should be held void on it's face where, authority to impose sentence to a penal institution is purely a Judicial function and such authority may not be delegated to an Executive branch of Government.

Chief Justice Rehnquist announced in Albright v. Oliver, 510 U.S. 266, 127 L.Ed.2d 114, 114 S.Ct. 807, "[w]here a particular Amendment 'provides an explicit textual source of Constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of "substantive due process", must be the guide for analyzing these claims.

At bar, the recalculation of petitioner's time by this governmental agency has denied petitioner's procedural due process guaranteed by the Fourteenth Amendment where in order to increase the term imposed by the Court in a penal institution, there must be some infraction that has occured or a Judicial order authorizing such enhancement.

Petitioner has a clear entitlement to be released as he has served his Judicially imposed term for the puroses of 'seizure' under the Fourth Amendment as clearly established by the Supreme Court.

Supreme Court decisions provide that a seizure is a show of authority that restrains the liberty of a citizen, see, <u>e.g.</u> <u>California v. Hodari D.,499 U.S. 621,625-27,111 S.Ct.1547,1550-51,113 L.Ed.2d 690(1991),</u> or a "government termination of freedom of movement intentionally applied". <u>County of Sacramento v. Lewis,</u> <u>118 S.Ct. 1708,1715 L.Ed.2d 1043(1998).</u> The case law also shows that actual physical touching is not required to effect a seizure. <u>Hodari D.,499 U.S. at 626,111 S.Ct. at 1551.</u>

Although, an arrest that results in detention or being confined in a cell may be the most common types of seizure, Force,however, lies behind the Court's commands as it lies behind a policeman's "Stop". Petitioner's physical motion was subjected to authority that had the effect of making him halt. Thus, the Supreme Court concluded,that the limited scope of seizure in a case such as this, is germane to damages, not liability.

Several Court's have held that an individual that is free to move about in his own state cannot be seized. However, the Supreme Court, rejected that thoery because a person on bail restrictions is under restraint and failure to obey the conditions or appear to answer the states charges, constitutes a criminal offence under state law. <u>Justice of Boston Municipal Court v. Lydon,466 U.S.</u> <u>294,80 L.Ed.2d 311,104 S.Ct. 1805.</u>

Clearly,it cannot be said,that if petitioner had <u>not</u> complied and appeared in Court when summoned on November 18,1997 [that a warrent would not have issued]. Petitioner has complied with all conditions at that time and has a clear entitlment to be deemed time served as etablished by the Supreme Court. <u>[Fourth Amend.</u>

Based on Federal law established by the Supreme Court, this very Court granted a writ of Habeas Corpus on a synonymous claim in 1998. In the case of U.S. EX REL. RIVERA v. SHERIFF OF COOK COUNTY, 8 F.Supp.2d 763 (N.D.Ill. 1998), the District Court, Grady,J.,found that Rivera was in the custody of the respondant while he was on bond,for the purposes of Habeas Corpus,based on the reasons previously stated in this petition.

As in the above cited case,petitioner in this case was also granted a new trial based on actual innocence and placed under bond conditions just like Rivera,under the authority of the COurt of Cook County and the Sheriff of Cook County.

It is paramount that this Honorable Court enforce the law as clearly established by the United States Supreme Court. TO the case at bar,based on the circumstances and the law on point, to deny petitioner would violate the equal protection clause under the Fourteenth Amendment of the United States Constitution.

While petitioner was under the authority of the circuit COurt of Cook County and the Sheriff of that County,pending trial, he was "in custody" as defined by the Supreme Court. Physical imprisonment is not required, so long as a petitioner suffers from substancial restraints not shared by the general public. Maleng v. Cook,490 U.S. at 491,109 S.Ct. at 1925.

The recalculation by the department has resulted in detaining petitioner beyond the Judicial order in violation of the law.

**The Illinois Department of Corrections can not impose/attach an additional term after completion of the sentence imposed by the Judicial branch of Government.**

At bar,the sentencing Judge complied with the <u>Fourteenth Amend.</u> of the <u>U.S. Const.,and the Ill.Const.Article I § 11</u>,where all penalties shall be determined both according to the seriousness of the offence and with the objective of restoring the offender to useful citizenship.

This Honorable Court may take Judicial notice that the trial COurt heard mitigating and aggrivating circumstances and determined petitioner's sentence to be that of the minimum statutory range and in doing so,the Court explicitly stated he would give a lessor term if he could. (see sentencing trans.16)

Petitioners claim is that the term of Mandatory Supervised Release (hereafter MSR) is to be applied "Inclusive" within the Judicially imposed sentence in accord with State law <u>38 ¶ 1005-8-1 (d)</u> where it states,...<u>as though written therein</u>...

This procedure is very similar to that of the Federal Criminal Procedure's Supervised Release. <u>(see: 18 U.S.C. § 3583 et seq.)</u> Just as pursuant the <u>Sentencing Reform Act of 1984,§ 212(a)(2), 98 Stat.1999,</u> eliminated most forms of parole in favor of Supervised Release, <u>Gozlon-Peretz v. UNited States,112 L.Ed 2d 919,</u> so did the Illionois sentencing law on February 1,1978 as a result of <u>Public Act 80-1099</u> under <u>house bill 1500</u>. Which converted Illinois from a system of indeterminate to determinate sentencing.

The application of the term of (MSR) is unconstitutionally being applied <u>after</u> petitioners sentence has expired by an administrative agency where in this case the sentencing Court imposed a fixed term under statute 38 ¶ 1003-633(a)(2).

As in the logic of Apprendi,120 S.Ct. at page 2365,...the relevant inquiry is not one of form,but of effect-does the application by the Department of Corrections expose petitioner to a greater punishment than the one covered by the sentencing Court.

This administrative application is a blatently clear violation of the separation of powers clause,Art. II § 1,where no branch shall exercise powers properly belonging to another. It is also a violation of the Fourteenth Amendment of the U.S. Const.,where no person shall suffer the onus of a punishment without due process of law.

Under Illinois Statute,730 ILCS 5/3-3-7(d) the only authorization to add additional time to an individuals term is after revocation under Section 3-3-9. At bar,petitioner has never been on supervised release and has not violated any prison rules nor any laws of this state. The law is clear that unless some infraction has occured an administrative agency can not infringe upon the Judicial order in any way.

Further,section 730 ILCS 5/3-3-7(d) and 3-3-9 should be held unconstitutional where to delegate authority to an administrative agency to modify and/or enlarge the conditions of (MSR) violates and infringes upon the Judicial order and 14th Amend. due process.

Prior to the Amendatory Act of 1978,an offender was sentenced to an "indeterminate" sentence giving the Parole Board and/or the D.O.C. statutory authorization to award or deduct credit in three ways: good conduct, meritorious service, and work performance.

Consequently to the possibility of abuse,Legislation called for the replacement of this complicated,administratively-derived sched-ual of good conduct credits with a simple stautory fromula which provided for the award of one day of "good-eonduct" good-time credit for each infraction free day spent in prison. This approach ultimately was adopted in the Act. see Pub.Act 80-1099(codified at Ill. Rev.Stat.ch. 38 § 1003-6-3(a)(1)(2).

Unlike the indeterminate sentence, Determinate sentences call on the sentending Judge to impose fixed terms on offenders. Since there were no minimum and maximum terms under the new sentencing scheme, Johnson v.Fransen,77 Ill.2d 513,the only possible inter-pretation,if the sentencing Judge did not impose the term to be followed "after" the twenty-year sentence,is that it be "Inclusive" within the Judicially imposed setence.

Although Parole has been abolished, Supervised Release like parole,is an integral part of the punishment for the underlying offence. United States v. Paskow,11 F.3d at 881;see id. at 883. Under each, a defendant serves a portion of a sentence in prison and a portion under supervision outside prison walls. U.S. v.Meeks, 25 F.3d at 1121.

In it's most logical sence, if the Legislation of the Statesof Illinois in passing this Act,intended for the term to be applied

"after" the completion of every sentence then it most certainly would infringe on the function of the Judicial branch and in such, violate the "Ex post facto law" U.S. Const. art. I § 9 cl.3, where since an offender is now required to serve his entire sentence imposed by the Court which would delinquish the rehabilitative process guaranteed by the Fourteenth Amend.,Ill.Const.art. I § 11. Miller v. Florida,96 L.Ed.2d 351.

At bar, the application of the (MSR) term by the Department of Corrections is problematic. It has been clearly established by the United States Supreme Court that the purpose of supervised release is to "ease the defendant's transition into the community after service of a long prison term,or to provide rehabilitation.see Johnson v. United States,146 L.Ed.2d at 741.

Just as in the logic of the old system of parole, Supervised Release is a lower grade of punishment by confinement in the legal custody outside the prison,for confinement within the prison by the Court. Jenkins v.Madigan,211 F.2d 904.

To assume that a term of (MSR) applies after the completion of sentence beyond that imposed,is to infringe upon the authority of the sentencing Court by an administrative agency. It was this investing of an administrative agency with the power to modify the judgment of a Court which was held to violate our separation of powers clause. see 380 Ill.596,608-09,44 N.E.2d 569.

Under the Federal Habeas Statute,a state court's finding of fact are presumptively correct. 28 U.S.C. § 2254(e)(1) As such, the sentencing order of the court is presumptively correct and

should not be disturbed by an administrative agency where no infraction or criminal offence has occured.

A Federal court may grant a writ of habeas corpus when,under a state court judgment, a person is held in custody in violation of the UNited States Constitution. 28 U.S.C. § 2254(1996): BOcain v. Godinez,101?F.3d 465,468 (7th cir.1996).

At bar,petitioner filed numerous petitions in regards to the claims presented and it would be futile to continue this merry-go round in the state court's as petitioner has served his term and where the sentencing Judge is now retired.from the bench.

CONCLUSION

Petitioner respectfully request's that this Honorable Court enter an order;

1. As to claim one,entitling him to credit for time under bond conditions as provided by the Fourth Amendment of the U.B. Constitution.

2. As to claim two,enter an order that would reflect that the Mandatory Supervised Release be Inclusive within the Judicially imposed sentence.

Respectfully submitted,

*Shawn Edwards*

Pro se Petitioner
2600 N.Brinton,ave.
Dixon,Ill.61021

## APPENDIX

Sentencing transcript

Calculation sheet

Order of sentence and commitment

Meritorious good time sheet

Memorandum by I.D.O.C. (Exhibit B)

Orders of the circuit Court C8,C9

FIled petitions in the circuit Court

Report of proceedings

State of Illinois )
County of Lee  ) ss
         )

## AFFIDAVIT

Petitioner being first duly sworn deposes and states the foll-
owing:

1. I am the Petitioner in the entitled cause.

2. I, the petitioner bring the petition for Habeas Corpus Relief
   (INSTANTER) where to continue to pursue this claim in the state
   court would be futile as petitioner only has [according to the
   calculation of the department of corrections] 21 months before
   release.

3. While petitioner was under bond conditions he lead a law abid-
   ing life working and providing for his family.

4. Petitioner is a United States Veteran having served in the
   U.S. Navy during the Gulf war and recieving an HOnorable dis-
   charge.

5. Petitioner believes he is entitled to equal protection under
   the law and is entitled to Immediate release, as he has served
   his term as defined by the U.S. Supreme COurt.


Subscribed and sworn before
me this 17th day of Oct. 2002

_Carole S. Oneal_
NOTARY PUBLIC

"OFFICIAL SEAL"
Carole S. O'Neal
Notary Public, State of Illinois
My Commission Exp. 05/21/2006

_Shawn Edwards_
Signature

6. As a result of being under the restraint while on bond in
   1996 petitioner sustained damages of loss of imployment.
   Petitioner was hired at Apple Computor Corp. in 1996 in
   OakBrook,Illinois. Upon a backgroud check, petitioner was
   fired.

   Petitioner also sought imployment at O'Hare International
   Airport, but could not clear Customs due to being under
   restraint's pending trial.

   Petitioner has suffered substantial loss not shared by the
   general public.

Case: 1:02-cr-00763 Document #: 1 Filed: 10/24/02 Page 20 of 59 PageID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| EDWARDS, SHAWN WESLY | NAVY-USN | 360 54 1156 |

| 4.a. GRADE, RATE OR RANK | 4.b. PAY GRADE | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| SN | E-3 | 710130 | Year N/A Month N/A Day N/A |

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| CHICAGO, IL | 54 N. LOCKWOOD, CHICAGO, IL 60644 |

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b. STATION WHERE SEPARATED |
|---|---|
| USS INCHON (LPH-12) | PERSUPPDET PHILADELPHIA PA 19112 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | None |
|---|---|---|
| N/A | Amount: $ 100,000 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| DG-9720/COMMUNICATIONS AND INTELLIGENCE SPECIALISTS | a Date Entered AD This Period | 89 | JUN | 20 |
| | b Separation Date This Period | 91 | MAY | 18 |
| | c Net Active Service This Period | 02 | 10 | 29 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 00 | 00 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 02 | 07 | 02 |
| | h. Effective Date of Pay Grade | 91 | MAY | 15 |

### 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)

NATIONAL DEFENSE SERVICE MEDAL; SEA SERVICE DEPLOYMENT RIBBON; NAVY 'E'
RIBBON. X X X X X X X
X X X X X X X

### 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)

NONE. X X X X X X
X X X X X X X
X X X X X X X

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID |
|---|---|---|---|---|---|---|
| | | XX | | XX | | NONE |

| 17. MEMBER WAS PROVIDED DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | No |
|---|---|---|

### 18. REMARKS

MEMBER PARTICIPATED IN THE SEP91 NAVY WIDE ADVANCEMENT EXAM FOR RM3.
PASSED BUT NOT ADVANCED. PROJECTED PNA PTS. - C132 - 0.0/0.5. X
X X X X X X X
X X X X X X X
X X X X X X X
X X X X X X X
X X X X X X X

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b. NEAREST RELATIVE (Name and address · Include Zip Code) |
|---|---|
| 5432 W. JACKSON CHICAGO, IL 60644 | DOLORES A. EDWARDS SAME AS BLK 19.a |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO | | DIR. OF VET AFFAIRS Yes No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | |
| *Shawn W Edwards* | | | *P. A. Wallace* P. A. WALLACE, SGT, PERSONNELPERSON |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) | |
|---|---|
| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
| DISCHARGED | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| MILPERSMAN 3620200 & NAVOP 013/87 | JFX | RE-4 |

### 28. NARRATIVE REASON FOR SEPARATION

OTHER PHYSICAL/MENTAL CONDITIONS - PERSONALITY DISORDERS

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| TL-NONE | *SWE* Initials |

DD Form 214, NOV 88   S/N 0102-LF-006-5500 *Previous editions are obsolete.*   SERVICE   2

ORDER                                                                    CCG-2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS **FILED**

DEC 1 1 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

PEOPLE

v.

SHAWN EDWARDS

NO. 93-2364

## ORDER

THIS CASE COMING TO BE HEARD ON PETITIONER'S POST CONVICTION PETITION, THIS COURT HAVING REVIEWED ALL WRITTEN MATERIALS SUBMITTED INCLUDING A RECANTATION AFFIDAVIT OF A KEY STATE WITNESS, HAVING JURISDICTION, AND BEING FULLY ADVISED IN THE PREMISES,

IT IS HEREBY ORDERED THAT:

1) THE POST CONVICTION PETITION IS GRANTED;
2) DEFENDANT'S CONVICTION AND SENTENCE IS VACATED;
3) DEFENDANT IS GRANTED A NEW TRIAL;
4) THE STATE SHALL ARIT IN DEFENDANT ON 12/26/95 FOR FURTHER PROCEEDINGS.

Atty No. 30295
Name Rita A Fry Cook Co. Pub Def.    Att Harold J. Winston for Tim Cosgrove
Attorney for Shawn Edwards
Address 2240 W Ogden St Fl
City Chicago IL 60612
Telephone (312) 738-5313

12-11 96

ENTER:

Judge

Judge's No. 280

A-13

AURELIA PUCINSKI. CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

C    52

EXHIBIT (D)

 **Illinois**
**Department of**
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL 61021 / Telephone: (815) 288-5561 / TDD: (800) 526-0844

## *MEMORANDUM*

DATE:     12-31-01

TO:       Shawn Edwards, B54402
          29-33

FROM:     Jorie Kennay, Office Administrator IV
          Record Office

SUBJECT:  MSR Term

As you are aware, you were released from IDOC custody on 1-12-86 on Bond and did not return to custody until 11-18-97. Since your sentence was not reduced or overturned, the 1 year 10 months and 12 days that you were in the free community is added to you sentence. You have not been in <u>continuous</u> custody since 1-1-93, which is your original custody date ordered on March 23, 1994.

On the current release date of 8-7-2004, you will be required to do a complete 3-year MSR term per statute 730ILCS5/5-8-1(d).

I trust this addresses your concerns.

/master file

Exhibit Claim Three M.S.R. Sentencing
A

```
 1   STATE OF ILLINOIS      )
                            )  SS:
 2   COUNTY OF C O O K      )

 3

 4            IN THE CIRCUIT COURT OF COOK COUNTY
              COUNTY DEPARTMENT-CRIMINAL DIVISION

 5

 6   THE PEOPLE OF THE        )
     STATE OF ILLINOIS        )
                              )       No. 93 CR 2364
 7        vs.                 )
                              )       Charge:  Murder
 8   SHAWN EDWARDS            )

 9

10                           REPORT OF PROCEEDINGS had in the

11   trial of the above-entitled cause, before the Honorable

12   RONALD A. HIMEL, Judge of said Court, on Tuesday, the

13   11th day of January, A.D. 1994.

14

                 PRESENT:
15

                     HON. JACK O'MALLEY,
16                   State's Attorney of Cook County, by
                     MESSRS. KEVIN BYRNE and RICHARD CRUSOR,
17                   Assistant State's Attorneys,
                         appeared for the People;
18
                     MR. BARRY SPECTOR,
19                   Attorney-at-law,
                         appeared for the Defendant.
20

21

22
     LINDA K. MADISON, CSR
23   OFFICIAL COURT REPORTER
     2650 South California
24   Chicago, Illinois 60608

                          D-1
```

1  sure that this is not the end of these proceedings.
2  There's certainly an appealable issue involved in this
3  case.  Certainly the lawyers argued long and hard on
4  their position citing many cases just like you and your
5  friends feel.  And that's the wonderful thing about
6  this country is you have the right to express your
7  opinion and no one can every take that right away from
8  you, but I also as a judge am sworn to follow the law
9  and decide the cases based upon the law as I understand
10 it and the facts in the particular case.

11         And I have to tell you one of the things that
12 affected my decision most was the defendant's testimony
13 about firing the gun in the air, the other witnesses'
14 testimony about where the gunshot actually lodged and
15 the way in which it was pointed.  So there's a little
16 conflict in the testimony.  *Resolved At P.C. HeAring*
                               *See P. 66*

17    MS. EDWARDS:  May I say this?  The way I
18 understand it --

19    THE COURT:  I heard the evidence.  I heard all the
20 evidence.  I don't want to rehash the evidence.  I'm
21 just saying basically if I could do anything at this
22 moment to implement things you are asking me to do, I
23 would do them in a second, but that would violate the
24 conscience and my trust in myself and my trust in my

14

1    decisions and you have to do them within our own

2    conscious, and you have to live with yourself, and you

3    have to go home every night and think about what you

4    did.

5              In the final analysis, we can only judge

6    ourselves.  Either you feel you are a good person and

7    you can live with yourself, or you feel you have done

8    the right thing.  You have listened to the facts, and

9    only you can judge your own personality, and only this

10   young man is going to have to judge what he did on that

11   night.  I believe the facts showed murder.

12        MS. EDWARDS: Is that in considering your sentence

13   that I ask that you please show mercy.

14   ✗     THE COURT:  I'm going to give him the minimum

15   sentence required by law.  That's all that I can do.

16   If I could give him less, I would.  If I could plan out

17   some structured situation where I personally could take

18   charge along with yourself and all those ministers'

19   help, I would do it.  I would get involved myself if I

20   could.

21              The lawyers I see have done such a great job

22   in amassing all this interest in the community; all the

23   facts that what you brought to them.  In the real final

24   analysis, facts do make great lawyers, and the way the

16

1  facts came out in this case, and this is the hardest

2  area of the law, this is the gray area, we are talking

3  about the mental state of an individual at an instant a

4  crime is commited.  It's difference of one or two facts

5  in the scenario that changes a homicide from murder to

6  manslaughter. Refer to P.C(B5)

7       Ma'am, let me say my heart goes out to you.

8  I know there are so many more deserving people that

9  belong in the penitentiary.  From what you tell me,

10 this young man is not one of those individuals that

11 need to be in the penitentiary.  So let me assure you

12 if there's anything I can do to help or say in changing

13 that situation, I will do it.

14      MS. EDWARDS:  Thank you, your Honor.

15      THE COURT:  Anything you would like to say, young

16 man?

17      DEFENDANT EDWARDS:  Yes, sir.  First of all, I

18 want to apologize, and I highly regard you as a judge

19 and respect you.  The letter I wrote was really out of

20 frustration because I feel -- I felt --

21      THE COURT:  Let me just say this to you before you

22 go on.  You can comment, let me assure you that one of

23 the things that I cherish most about my life is the

24 fact I was a public defender, and one thing I learned

17

1    in the years as a public defender is that you are

2    sitting over there locked up in a place, and I'm sure

3    in your own heart that you believe this was a

4    accident.

5        I have no problem with anything you might say

6    or do.  That's your right.  You are fighting for your

7    very life, and again only you are going to be able to

8    judge yourself.  I can judge you and I can sentence

9    you, but only you can look to what you are going to

10    make out of a hard situation.  You are going to accept

11    this.  You may accept the responsibility any way you

12    like, but you know, you know the facts of this case

13    better than anything.

14        So you want to say anything else go ahead.

15    DEFENDANT EDWARDS:  Certainly I would want to

16    apologize to any family members.  I don't know if

17    anyone is out there.  I want it to be said I'm very

18    sorry.  Ricky was a close friend of mine.  Everytime I

19    think about it, I can't replace his life.  I intend to

20    dedicate my life; I promised to God to dedicate my life

21    to people who I come in contact with to try to deter

22    them from these type of situations, and a lot of that

23    has been going on since I have been here.  That's all I

24    have been doing.

*Exhibit (A)*

```
 1          THE COURT:  I have one suggestion for you.  All
 2   the years I have been in this building and all the
 3   things that coincide and all the things that I have
 4   suggested to someone, I suggest your next step is for
 5   someone to contact Reverend Baily.
 6              Does anyone know who I'm talking about?  I
 7   certainly will put you in the right direction to talk
 8   to Reverend Baily.  If there's anything -- of course, I
 9   go over this with your attorney.  I think they have
10   done a marvelous job.  So I would suggest that with the
11   help of Reverend Baily, we might look into many of the
12   options that are available based upon the fact that
13   everybody is looking for alternative sentences, if they
14   are an available.
15              And certainly based upon the letters and
16   certainly the concern, I have to make a determination
17   what is best for the community.  This case no one is
18   ever going to be happy about the outcome of this case.
19   The facts in this case are so sad to the family and the
20   victim.  They are so sad to your family that there's
21   not a right answer.
22              I'm having some success in this area.  Judge
23   Strayhorn had Reverend Baily probation challenge, a lot
24   of good success stories.  Here is a young man who
```

1   probably based upon his background and based upon the

2   interest that I'm seeing here -- and we need so many of

3   the leaders or the future leaders of our community are

4   in the penitentiary.  So many of the future leaders are

5   in the wrong place.  So many guns on the street.  So

6   many reasons why this happened.  So many reasons why we

7   have to stop this kind of conduct.  You can't fire guns

8   in the City of Chicago and not expect great

9   consequences.

10          Anything that I can do or help you based upon

11  those letters, whatever you need, don't hesitate to

12  call me.  If I can do it, I will.

13          The right sentence in this case is not the

14  sentence that I'm about to impose.  The only sentence

15  that I know that I'm required to impose because of the

16  law, it is the minimum sentence required by law.

17          Based upon everything I have heard in

18  aggravation, and based upon the facts I heard in

19  aggravation, based upon the facts in the case, based

20  upon all the mitigation, based upon the extreme faith I

21  place in the eloquence of your mom, your own eloquence,

22  young man, the eloquence of your attorney, the only

23  sentence that I can sentence is 20 years Illinois

24  Department of Corrections.

20

| | |
|---|---|
| 1 | Judgment on my finding. |
| 2 | You certainly are entitled to all time credit |
| 3 | for all time spend in custody while awaiting trial. |
| 4 | You certainly have a right to appeal the |
| 5 | sentence and judgment.  You have 30 days from today's |
| 6 | date to file with this court a notice of appeal and |
| 7 | petition for stenographic transcript of these |
| 8 | proceedings. |
| 9 | Good luck to you, young man.  God bless you |
| 10 | and good luck. |
| 11 | MR. SOLOCK:  I'm prepared to file a notice of |
| 12 | appeal today, and I ask the State Appellate Defender be |
| 13 | appointed. |
| 14 | THE COURT:  State Appellate Defender's office is |
| 15 | appointed to write the appeal. |
| 16 | I think most of the work has been done by the |
| 17 | cases cited on the defense side in this case.  I'm |
| 18 | sorry that -- let me say that I appreciate the job done |
| 19 | by the Defense side, and sometimes when you feel so |
| 20 | strongly because you knew many things I didn't and I |
| 21 | was not privy to. |
| 22 | Certainly you knew the family, certainly you |
| 23 | knew everything, and I certainly do appreciate how hard |
| 24 | fought this case was, and I know now how incredible the |

1    decision must appear when you work so hard.

2              Thank you.

3

4                    (Which were all the proceedings had.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1   STATE OF ILLINOIS )
                       )   SS.
 2   COUNTY OF C O O K )

 3        THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT   -    CRIMINAL DIVISION
 4
               I, Gwendolyn Clark, Official
 5
     Shorthand Reporter of the Circuit Court of Cook
 6
     County Department-Criminal Division do hereby
 7
     certify that I reported in shorthand the
 8
     proceedings had at the hearing in the
 9
     above-entitled cause; and that I thereafter
10
     caused to be transcribed into typewriting the
11
     foregoing transcript, which I certify is a
12
     true and correct transcript of said
13
     proceedings.
14

15

16   Official Shorthand Reporter
     Circuit Court of Cook County.
17

18

19

20

21

22

23

24
```

23

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Cook_                                         DEPARTMENT  _Co. Crim Div_           _15_
(County)              (Municipal)              (Division)                          (Dist:

People of the State of Illinois
v.
Defendant
}  No. _93 c R 2364 B 544_

_SHAWN EDWARDS_          ORDER OF SENTENCE AND COMMITMENT TO
                        ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____ _SHAWN EDWARDS_

be and he is hereby sentenced to the Illinois Department of Corrections as follows:

_On 3-23-94 the Honorable Ronald A Himel_
_sentenced the defendant to a term of_
_TWENTY (20) years IDOC_
_credit time served 1-1-93 to 3-23-94_

_count 1 merges with count 2_

Offense _Murder ct 2_                  Ch. _38_   Sec. _9-1_   Par. _A2_

Offense _____       Ch. _____  Sec. _____   Par. _____

Offense _____       Ch. _____  Sec. _____   Par. _____

Offense _____       Ch. _____  Sec. _____   Par. _____

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illin Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in manner provided by law until the above sentence is fulfilled.

PREPARED BY: _M M Namara_
                    Deputy Clerk
DATED: _3-23-94_   BRANCH CT. _Rm 205_      ENTER: _____
                                                          Judge

**INSTRUCTIONS**

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition t the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or ot sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _M Sotirk_

Police Individual Record No. _1014407_    Illinois Bureau Identification No. _03160685_

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**2. DEPARTMENT OF CORRECTIONS COPY**

01.07.422A-J

## SENTENCE CALCULATION WORK SHEET

## TIME LOST ON APPEAL BOND WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW

NAME _Shawna Edwards_    NUMBER _B 54402_    DATE _10-30-98_

### (STEP 1)

| Yr. | Mo. | Day | |
|-----|-----|-----|---|
| 97 | 11 | 18 | per verification of incarceration - Cook Co. |
| - 96 | 1 | 12 | (Recustody Date) / (Date Released on Bond) |
| 1 | 10 | 6 | (Time Lost on Bond) |

### (STEP 2) (MITTIMUS NUMBER _____)

PROJECTED OUT DATE

| Yr. | Mo. | Day | |
|-----|-----|-----|---|
| 98 | 1 | 1 | (Custody Date) |
| + 10 | | | (Sentence Less G.C.C.) |
| 2008 | 1 | 1 | (Projected Out Date or PRB Projected Out Date) |
| +or- | — | | (Previous Time - Lost/Awarded) |
| 2008 | 1 | 1 | (Projected Out Date) |
| + 1 | 10 | 6 | (Time Lost on Bond) |
| 2009 | 11 | 7 | (Adjusted Projected Out Date) |

### (STEP 3)

MANDATORY OUT DATE _____

| Yr. | Mo. | Day | |
|-----|-----|-----|---|
| | 1 | 1 | (Custody Date) |
| + | | | (Sentence) |
| 20 | 1 | 1 | (Mandatory Out Date or PRB Mandatory Out Date) |
| + 1 | 10 | 6 | (Time Lost on Bond) |
| | | 7 | (Adjusted Mandatory Out Date) |

---

Adj. Proj. Out Date _____    Terminal Operator _____

Adj. Mandatory Out Date _____    Date Entered _10-30-98_

Calculated By _____

DC 1322
IL 426-0522

28-15

DC 1329

**MERITORIOUS GOOD TIME WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW**

NAME _Brown Edwardo_ NUMBER _B54402_ DATE _5-24-99_

(STEP 1)

Yr. Mo. Day

_M67_

_90_   (Meritorious Good Time Awarded
            By The Director On _5-4 99_ )

(STEP 2) (MITTIMUS NUMBER_____)

PROJECTED OUT DATE

| Yr. | Mo. | Day | |
|---|---|---|---|
| 93 | 1 | 1 | (Custody Date) |
| + 10 | | | (Sentence Less G.C.C.) |
| 2003 | 1 | 1 | (Projected Out Date or PRB Projected Out Date) |
| For- 1 | 10 | 6 | (Previous Time -(Lost)Awarded) |
| 2004 | 11 | 7 | (Projected Out Date) |
| - 3 | | | (Meritorious Good Time) |
| 2004 | 8 | 7 | (Adjusted Projected Out Date) |

(NOTATION)

Yr. Mo. Day

           (Recustody Date)
           (Bond, Escape, Etc.)
           (Time Lost)

Adj. Proj. Out Date _8-7-2004_     Terminal Operator _TB_
Calculated By _TB_             Date Entered _5-24-99_

DC 1329 (Rev.10/96 )
IL 426-00529

*Exhibit (B)*



**Illinois**
**Department of**
# Corrections

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL 61021 / Telephone: (815) 288-5561 / TDD: (800) 526-0844

## *M E M O R A N D U M*

**DATE:**    12-31-01

**TO:**    Shawn Edwards, B54402
        29-33

**FROM:**    Lorie Kennay, Office Administrator IV
        Record Office

**SUBJECT:**    MSR Term

As you are aware, you were released from IDOC custody on 1-12-86 on Bond and did not return to custody until 11-18-97.  Since your sentence was not reduced or overturned, the 1 year 10 months and 12 days that you were in the free community is added to you sentence.  You have not been in <u>continuous</u> custody since 1-1-93, which is your original custody date ordered on March 23, 1994.

On the  current release date of 8-7-2004, you will be required to do a complete 3-year MSR term per statute 730ILCS5/5-8-1(d).

I trust this addresses your concerns.


/master file

PEOPLE OF THE STATE OF ILLINOIS VS.　　CASE NO.　93 CR　02364

| DATE | PAPERS FILED |
|---|---|
| | _Shann, Edward-01_ |

INDICTMENT/INFORMATION FILED IN THE CLERK'S OFFICE — 2-18-93

BAIL PREVIOUSLY SET $150,000.00

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| T BASTONE #211 | FEB 1 8 1993 | No ARRAIGNMENT |
| | | JUDGE _Irene_ |
| /93 | _Irene_ | (illegible handwritten order) |
| | | Bond is $150,000 D |
| -93 | _Clerk_ | (illegible) |
| /93 | _Thomas_ | (illegible) |
| -93 | _Himel_ (C) | S/A 4-2-93 + M/D for Disc. |
| -93 | _Himel_ (C) | B/A 5/21/93 |
| /93 | _Himel_ (C) | S/A 6-8-93 + |
| =93 | _Himel_ (C) | M/D Ans to Disc. |
| | | S/A 7-19-93 + |

(-811)　　　　　　　　　　　　　　　　　　　　　　　　　　(OVER)

C2

...LE OF THE STATE OF ILLINOIS VS.    CASE NO.   93-CR 2364

...WARDS, SHAWN

MURDER    **PAPERS FILED**

No File

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 9 7 895 | Hemel | B/A 9-11-95 |
| 9 11 895 | Jemel | M/D 9-11-95 |
| 9-11-95 | Hemel | M/D 13-11-95 |
| 10 31 98 | Hemel | State fils Motion t D comiss |
| 12 11 1995 | Hemel | Mot left Post Conviction relief is granted motion Supp new trial and reclerate Dept is granted A New trial M/D 12-26-95 @ for tral |
| 12-11-95 | Clerk | NOTICE OF p/c order granting a new trial Mailed To: SHAWN Edwards-B54402 2600 No. Brinton Avenue Dixon, Illinois 61021 |

(OVER)

C8

| JUDGE | ORDERS ENTERED |
|---|---|
| 1996 | Hemel | PP (Just) Deft present |
| | | Bond Hearing Set at $150,000.00 |
| | | J Bond # I 1253570 |
| | | B/A 2-15-96 |
| 15 1996 | Hemel | PP B All Selen K present |
| | | B/A 4-18-96 @ for Hearing |
| 18 1996 | Hemel | B/A 4-22-96 @ for Hearing |
| 4-22-96 | Hemel | PP (B)    M/O 5-13-96 @ Hrg |
| 13 1996 | Hemel | B? B Atty Winston present |
| | | Post Conviction Scott for |
| | | Motion Staf agreeing to |
| | | Cont Redocket After Hearing |
| | | Filed affidavit / Edwin Knopp |
| | | Certificates find Ill dept Profess |
| | | Regulation Director Nikki M Zoller |
| | | B/A 6-21-96 |
| 1996 | Hemel | PP B Atty Winston present |
| | | State filed Appeal of Post |
| | | Conviction Ruling Transfer |
| | | Chief Nico PC Due 6-13-96 |

C9

PEOPLE OF THE STATE OF ILLINOIS VS.

Edwards, Shawn #1

CASE NO. 9305-2364

## PAPERS FILED

DATE

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | CLERKS OFFICE | NOTICE OF APPEAL FILED 5-30-96 |
| | | NOTICE OF APPEAL MAILED 6-4-96 |
| | | APPELLATE HEARING DATE ASSIGNED BEFORE PRESIDING JUDGE ON JUN 07 1996 |
| 17 1996 | T.R. FITZGERALD | O/C ☐ STATE APPELLATE DEFENDER |
| | | ☐ PUBLIC DEFENDER |
| | | ☐ PRIVATE ATTORNEY |
| | | ☒ OTHER States Attorney |
| | | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
| | | ☒ FREE REPORT OF PROCEEDINGS, ALLOWED |
| | | ☐ FREE REPORT OF PROCEEDINGS, DENIED |
| 3-96 | | |
| 18 1996 | Himel | PP |

(OVER)

(3-81)

C10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SHAWN EDWARDS,
    PLAINTIFF

           V.

JERRY L. STERNES,
    WARDEN.

)
)
)
)
)
)
)
)
)
)

CASE NO. 93 CR 2364

### MOTION FOR ORDER NUNC PRO TUNC

COMES NOW PLAINTIFF, SHAWN EDWARDS, PRO SE, AND RESPECTFULLY MOVES THIS HONORABLE COURT TO ENTER AND ISSUE AN ORDER NUNC PRO TUNC, CORRECTING TO REFLECT THE MITTIMUS ISSUED IN THE ABOVED-CAPTIONED MATTER. SAID ORDER WOULD PROVIDE THAT THE PLAINTIFF WOULD RECIEVE ALL TIME SPENT IN CUSTODY, AND THAT THE (MSR) TERM IS TO BE "INCLUSIVE" WITHIN THE DETERMINATE SENTENCE IMPOSED BY THIS COURT AND WILL BE RELEASED IN A TIMELY MANNER.

IN SUPPORT OF SAID MOTION, THE PLAINTIFF STATES AS FOLLOWS:

(1) PLAINTIFF WAS SENTENCED TO SERVE TWENTY YEARS UNDER THE UNIFIED CODE OF CORR. 38 § 1003-6-3(a)(2) DAY FOR DAY SUBJECTING HIM TO SERVE A TOTAL OF TEN YEARS MAXIMUM IMPOSED SENTENCE.

(2) THE MITTIMUS ISSUED BY THE COURT AT THE TIME OF SENTENCING FAILED TO REFLECT THE TIME, SAID DEFENDANT, WAS TO SPEND "IN CUSTODY", AND THE TIME OF HIS (MSR) TERM.

(3) IN ACCORDANCE WITH U.C.C. 38 § 5-8-1(d) AND 730 ILCS 5/5-8-1(d) WHICH CARRIES A 3-YEAR TERM OF MSR FOR FIRST DEGREE MURDER OR A CLASS X FELONY IT STATES IN PERTINENT PART: EXCEPT WHERE A TERM OF NATURAL LIFE IS IMPOSED, EVERY SENTENCE SHALL INCLUDE AS THOUGH WRITTEN THEREIN A TERM IN ADDITION TO THE TERM OF IMPRISONMENT....FOR THOSE SENTENCED ON OR AFTER FEBRUARY 1,1978, SUCH TERM SHALL BE IDENTIFIED AS A MANDATORY SUPERVISED RELEASE TERM.

(4) WHERE THIS PLAINTIFF HAS SERVED OVER, THE PERIOD OF INCARCERATION PERSUANT THE STATUTE, HE IS ENTITLED TO BE RELEASED IN ACCORDANCE WITH HIS JUDICIALLY IMPOSED SENTENCE TO SERVE HIS MSR TERM OF THREE YEARS PRESCRIBED BY LEGESLATI

(5) COMPLIANCE WITH SUPREME COURT RULE 402(a)(2) MANDATES THAT A DEFENDANT BE TOL PRIOR TO SENTENCING THAT HE MUST ADDITIONALLY SERVE A PERIOD OF SUPERVISED RELEASE.[see people v. smith, 676 n.e.2d 224 at 706]. THREE YEARS IS CONSISTAN WITH THE STATUTORY REQUIREMENTS OF THE UNIFIED CODE OF CORRECTIONS. SEE 730 ILCS 5/5-8-1(d)(1) (west 1994); U.S.C.A.CONST. AMEND. 14; SUP.CT. RULE 402(a)

**AFFIDAVIT**

I, _SHAWN EDWARDS_____, being duly sworn do depose and state
that the attached____MOTION_____ is true and correct in substance
and fact to the best of my knowledge.

/s/ _Shawn Edwards_

Subscribed and sworn to before me                  Petitioner

this _____ day of_____, 2000        # _B54402_____    _Dixon_

                                          _Dixon_____ Correctional Center

_____                 P.O. Box _1200_

Notary Public                             _Dixon_____, Illinois, _61021_

_____

Expiration of Commission

**NOTICE OF FILING**

TO: _CIRCUIT COURT COOK_    TO: _ILL.ATTY.GEN,OFFICE_    TO: _____

_2650 s. CALIFORNIA,AVE._   100 W.RANDOLPH,ST. 12th.fl.   _____

_CHICAGO,IL.60608_          CHICAGO,IL.60601              _____

Please take notice on _JANUARY 2_ , 200_2_ I filed with _CIRCUIT_

_OF COOK COUNTY_ Court the attached _MOTION NUNC PROTUNC, 2/3_ copy(ies)

of which are served on you.        _HABERS CORPUS_

                                   /s/ _Shawn Edwards_

**AFFIDAVIT OF SERVICE**

STATE OF ILLINOIS]
                 ] SS
COUNTY OF        ]

I, _SHAWN EDWARDS_____, being sworn state that I served the
attached notice on the above named person(s) by placing a true and correct
copy in an envelope(s), addressed as shown above, with the proper U.S.
postage on each and deposited the envelope(s) in the U.S. Mail at
_Dixon_____,Illinois, _61021_ , on or about the hour of _6:42 P.m_
m.on _Jan. 2_____,200_2_.

                                   /s/ _Shawn Edwards_

Subscribed and sworn to before me this

_____ day of _____, 2000.

_____

Notary Public

_____

Expiration of Commission

IN THE CIRCUIT COURT OF __COOK_____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                )
**SHAWN EDWARDS**        Plaintiff, )
                                )
              vs.               )        Case No.__93 CR 2364_____
                                )
                                )
                      Defendant. )
**PEOPLE OF THE STATE**_____ )

ORDER


      IT IS HEREBY ORDERED that the mittimus issued in the above-

captioned case be corrected to reflect credit for all days served

against same. And that the mittimus reflect that the msr term be inclusive

with-in his determinate sentence imposed by the court.


DATED:_____         _____
                                Chief Judge Presiding

RECEIVED

JAN 0 8 2001

CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Cook
County,

DEPARTMENT Co. Crim Div
(Municipal) (Division)

1ST
(District)

People of the State of Illinois
v.
Defendant

No. 93 c R 2364

SHAWN EDWARDS

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____ SHAWN EDWARDS
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

On 3-23-94 the Honorable Ronald A Himel
sentenced the defendant to a term of
Twenty (20) years IDOC
credit time served 1-1-93 to 3-23-94

Count 1 merges with count 2

| | | | Ill. Rev. Stat. | |
|---|---|---|---|---|
| Offense _Murder ct 2_ | Ch. 38 | Sec. 9-1 | Par. A(2) |
| Offense _____ | Ch. ____ | Sec. ____ | Par. ____ |
| Offense _____ | Ch. ____ | Sec. ____ | Par. ____ |
| Offense _____ | Ch. ____ | Sec. ____ | Par. ____ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: M M. Namara
Deputy Clerk

DATED: 3-23-94 BRANCH CT. Rm 205 ENTER: _____
Judge

CODE #
285-

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____ M Setat

Police Individual Record No. 1014407 Illinois Bureau Identification No. C3166685

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

28-15

DC 1329

## MERITORIOUS GOOD TIME WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW

NAME _Shawn Edwards_    NUMBER _B54402_    DATE _5-24-95_

**(STEP 1)**

Yr. Mo. Day

                        _M67_

_90_       (Meritorious Good Time Awarded
By The Director On _5-4-99_ )

**(STEP 2)** (MITTIMUS NUMBER_____ )

PROJECTED OUT DATE

Yr. Mo. Day

| | | | |
|---|---|---|---|
| 93 | 1 | 1 | (Custody Date) |
| + 10 | | | (Sentence Less G.C.C.) |
| 2003 | 1 | 1 | (Projected Out Date or PRB Projected Out Date) |
| (For- 1 | 10 | 6 | (Previous Time - Lost/Awarded) |
| 2004 | 11 | 7 | (Projected Out Date) |
| - 3 | | | (Meritorious Good Time) |
| 2004 | 8 | 7 | (Adjusted Projected Out Date) |

**(NOTATION)**

Yr. Mo. Day

                        (Recustody Date)
                        (Bond, Escape, Etc.)
                        (Time Lost)

Adj. Proj. Out Date _8-7-2004_    Terminal Operator _TR_
Calculated By _B_    Date Entered _5-24-95_

DC 1329 (Rev.10/98 )
IL 426-00529

IN THE CIRCUIT COURT OF ___COOK___ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                    Plaintiff, )
                            )
                            )     Case No. ___B-54402___
          vs.             )
                            )
                            )
   SHAWN EDWARDS            )
              Defendant, )

## MOTION FOR AMENDED MITTIMUS

COMES NOW defendant, ___SHAWN EDWARDS___ ,pro se, pursuant to Chapter 735 ILCS sec. 5/2-1801 (1995), and humbly requests this Court to grant his/her Motion for Amended Mittimus in the above-captioned cause. In support of this request, defendant states

1. Defendant is presently incarcerated at the Dixon Correctional Center in Dixon, Illinois, 61021, serving a ___TWENTY___ year sentence for the offense of ___FIRST DEGREE MURDER___ following a conviction in the Circuit Court of ___COOK___ county before the Honorable Judge ___RONALD HIMEL RM. 404___ on ___MARCH 23,1994___. (Copy of mittimus attached.)

2. Defendant was Granted a new Trial on Dec. 11,1995 and Released on I Bond on Jan. 12,1996. Defendant Remained under The states Restrictions for one year and Ten months while they Appealed. Defendant was Placed back In custody on Nov. 18,1997.

3. The Dept. of Correction took The time spent on bond. Under Rivera V. Sheriff of cook county 8 F. supp. 2d 763 (N.D. Ill. 1999). Defendant Feels He should be credited for Time taken Away.

WHEREFORE, defendant, ___SHAWN EDWARDS___ prays the Court grant the motion for amended mittimus reflecting the above stated changes and that a copy of said mittimus be forwarded to the Records Office at Dixon Correctional Center.

Respectfully submitted,

*Shawn Edwards*
Defendant, pro se

REFERENCE INMATE NUMBER ___B-54402___

## AFFIDAVIT

I, SHAWN EDWARDS _____, being duly sworn do depose and state
that the attached MOTION _____ is true and correct in substance
and fact to the best of my knowledge.

/s/

SHAWN EDWARDS _Shawn Edwards_
                    Petitioner

Subscribed and sworn to before me

this _18th_ day of _Sept_, 2000      # B-54402
                                        DIXON _____ Correctional Center
_OFFICIAL SEAL_                      P.O. Box _1200_
Notary P CAROLE S. O'NEAL              _DIXON_____, Illinois, 61021_
      Notary Public, State of Illinois
      My Commission Exp. 05/01/2002
Expiration of Commission

## NOTICE OF FILING

TO: CLERK OF THE COURT          TO: COOK COUNTY STATES ATT. TO: _____

 2650 s.CALIFORNIA AVE.         2650 s. CALIF.AVE. 14th.fl. _____

CHICAGO,IL.60608. 5th.fl.       CHICAGO IL.60608 _____

     Please take notice on _SEPT.18_____, 2000, I filed with _THE_____

_CIRCUIT_____ Court the attached MOTION AMENDED MITTIMUS. _3_ copy(ies)

of which are served on you.

                                /s/ _Shawn Edwards_

## AFFIDAVIT OF SERVICE

STATE OF ILLINOIS]
                 ] SS
COUNTY OF  LEE   ]

     I, _SHAWN EDWARDS_____, being sworn state that I served the
attached notice on the above named person(s) by placing a true and correct
copy in an envelope(s), addressed as shown above, with the proper U.S.
postage on each and deposited the envelope(s) in the U.S. Mail at
_DIXON_____,Illinois, _61021___, on or about the hour of _____
m.on _SEPT.18_____,2000.

                                /s/ _Shawn Edwards_

Subscribed and sworn to before me this

_18th._ day of _SEPT._____, 2000.

_Carole S. O'Neal_
Notary Public
         _5/1/2002_
Expiration of Commission  "OFFICIAL SEAL"
                           CAROLE S. O'NEAL
                           Notary Public, State of Illinois
                           My Commission Exp. 05/01/2002

TO THE HONORABLE RONALD HIMEL RM.404

PETITIONER,SHAWN EDWARDS ASK' THIS HONORABLE COURT TO CREDIT THE
TIME LOST ON BOND. PETITIONER HAS LOST ONE YEAR AND TEN MONTHS WHILE
THE CASE WAS STILL PENDING. PETITIONER STRONGLY FEELS HE IS ENTITLED
TO THIS TIME DUE TO THE FACT HE WAS STILL UNDER STATE RESTRICTIONS.
UNDER HENSLEY V. MUNICPAL COURT,36 L.ED.2d294. ESTABLISHING THAT A
PERSON RELEASED ON BAIL ON HIS OWN RECOGNIZANCE IS IN CUSTODY.
PETITIONER HAS COMPLIED WITH ALL TERMS AND CAME TO COURT ON ALL COURT
DAYS REQUESTED. PETITIONER HAS A CHILD AND A WIFE AND LIVES A POSITVE
PRODUCTIVE LIFE. IT IS IN THE INTEREST OF THE COMUNITY THAT THIS PETIT-
IONER BE RELEASED AS SOON AS POSSIBLE. THE CITIZENS AND TAX PAYERS OF
THIS STATE FROM THE CHURCH OF GOD 4601 s.DREXEL,HAS SPECIFIC INTEREST
IN THIS CASE. THE PETITIONER HAS BEEN A MEMBER SINCE HE WAS A CHILD.
PETITIONER HAS NOT BEEN IN ANY TROUBLE SINCE HIS INCARCERATION AND
WAS AWARDED (90 days) GOOD TIME. WEREFORE, PETITIONER PRAYS THIS
HONORABLE COURT CREDIT HIS YEAR AND TEN MONTHS LOST ON BOND.
PETITONER DID NOTHING TO LOSE THIS TIME AND IT IS EXTREME TO PUT
ALL OF THIS BEHIND HIM.

RESPECTFULY,

SHAWN EDWARDS

# B-54402

2600 N.BRINTON AVE.

DIXON IL. 61021

*Shawn Edwards*

STATE OF ILLINOIS )
                 )    SS

COUNTY OF _LEE____)

## AFFIDAVIT


____SHAWN EDWARDS_____, deposes and says that as to the matters herein, ___HE____ is the defendant in the above entitled cause; that ___HE_____ has read the foregoing document, by ___HIM_____ signed, and that the statements contained therein are true in substance and in fact.

_Shawn Edwards_
SHAWN EDWARDS B-54402
          pro  se


Signed before me this __18ᵗʰ___ day of __Sept_____, _2000__.


"OFFICIAL SEAL"
CAROLE S. O'NEAL
Notary Public, State of Illinois
My Commission Exp. 05/01/2003

_Carole S. O'Neal_
Notary public

September 15, 2000

These are the people from The Church of God 4601 S. Drexel Blvd. Chicago, Il. 60653, who feel that Shawn Edwards is being incarnated unjustly and his constitutional rights are being violated, please help in anyway you can.

Sincerely, Family and Friends



4307

1   STATE OF ILLINOIS    )
                         )   SS:
2   COUNTY OF COOK       )

3           IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                COUNTY DEPARTMENT-CRIMINAL DIVISION
4
    PEOPLE OF THE STATE OF ILLINOIS        )
5                                          )
                -vs-                       )   No. 93 CR 2364
6                                          )
    SHAWN EDWARDS                          )
7

8                          REPORT OF PROCEEDINGS had at the

9   hearing of the above-entitled cause before the Honorable Ronald

10  A. Himel, one of the Judges of said Division, on the 20th day of

11  April, A.D., 2001.

12

13          PRESENT:

14          MS. RITA FRY, Cook County Public Defender by
            MR. MARTIN KELLY, Assistant Public Defender.
15

16

17

18

19

20

21

22

23

24

                            A-1

```
1                    I N D E X

2    August 3, 2001

3    B1-B4

4    PC Denied

5                    DX          CX          RDX         RCX

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

                          B2
```

1                           <u>I N D E X</u>

2

3       Date of Hearing:   9-13-01

4       Page Numbers:      C-1 through C-4

5

6                           <u>PROCEEDINGS</u>

7

8

9       Ruling  ------------------------------------  3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1       THE COURT:  Shawn Edwards.

2       MR. KELLY:  Judge, this is a case where I believe the case

3   was remanded and he was out on bond.  And we tried it and he

4   filed a PC asking for time credit while out on bond and he asked

5   for paperwork.

6           I can't find anything to support the proposition that

7   he's entitled to time out on bond awaiting trial unless it's

8   something like possibly home confinement or E.M. and that.  No

9   case law I can find in support of that.

10      THE COURT:  Defendant's motion for time consideration as PC

11  denied.

12              (Which were all the proceedings had)

13

14

15

16

17

18

19

20

21.

22

23

24

A-2

1    STATE OF ILLINOIS   )
                         )  SS:
2    COUNTY OF C O O K   )

3           I, ELIZABETH A. REYES, Official Shorthand Reporter of

4    the Circuit Court of Cook County, County Department-Criminal

5    Division, do hereby certify that I reported in shorthand the

6    evidence had in the above-entitled cause and that the foregoing

7    is a true and correct transcript of all the evidence heard.

8

9

10

11

12

13

14   Dated this _____ day of _____ A.D., 2002.

15

16

17

18

19

20

21

22

23

24

                    Official Shorthand Reporter
                    License No. 084-001910
                    Circuit Court of Cook County
                    County Department
                    Criminal Division

                              A-3

```
 1   STATE OF ILLINOIS )

 2                     )SS.

 3   COUNTY OF COOK    )

 4              IN THE CIRCUIT COURT OF COOK COUNTY

 5              COUNTY DEPARTMENT-CRIMINAL DIVISION

 6

 7   THE PEOPLE OF THE )

 8   STATE OF ILLINOIS )          Case No. 93 CR 2364

 9      VS            )           Charge:  PC

10   SHAWN EDWARDS    )

11                    REPORT OF PROCEEDINGS

12      REPORT OF PROCEEDINGS of the hearing before the

13   Honorable RONALD HIMEL, Judge of said court, on the 3rd day

14   of August, A.D., 2001.

15          APPEARANCES.

16          HONORABLE RICHARD DEVINE.
               State's Attorney of Cook County, by
17          MS. KIMELLEN CHAMBERLAIN,
               Assistant State's Attorney,
18          For The People Of The State Of IllInois.

19           No appearance for the defendant.

20

21

22

23   SAMMA FREEMAN, CSR.
     OFFICIAL COURT REPORTER
     2650 S. CALIFORNIA AVE.
24   CHICAGO, ILLINOIS 60608
```

B1

1    STATE OF ILLINOIS )
                       )  SS:
2    COUNTY OF C O O K )

3            IN THE CIRCUIT COURT OF COOK COUNTY
4            COUNTY DEPARTMENT - CRIMINAL DIVISION

5

6    THE PEOPLE OF THE              )
     STATE OF ILLINOIS              )
7                                   )
                                    )   No.  93 CR 2364
8        vs.                        )
                                    )   Post-Conviction
9                                   )
     SHAWN EDWARDS                  )
10

11

12

13           REPORT OF PROCEEDINGS of the ruling

14   heard before the Honorable RONALD A. HIMEL,

15   on Thursday, the 13th of September, 2001.

16

17

18

19

20

21

22

23

24   Nancy C. LaBella, CSR, RPR, CRR
     Official Court Reporter
     CSR License Number 084-002970

                        C-1

1        THE CLERK:   Shawn Edwards.

2        THE COURT:   He already had one PC.  I read his motion.

3   It's more in a motion for executive clemency than it is a

4   PC.  It has no merit to it.  I'm denying -- I don't think

5   it's a PC, so whatever he's filed I've denied.  I don't have

6   jurisdiction.  His last post-conviction was heard by the

    presiding judge and denied.  So the defendant's motion is

    denied.  Court lacks jurisdiction.

                        (Which were all the proceedings had in

                         the above-entitled cause on said date.)

C-3

STATE OF ILLINOIS )

                  )

COUNTY OF C O O K )


        I, NANCY C. LA BELLA, CSR, RPR, CRR, Official Court

Reporter, County Department, Criminal Division, do hereby

certify that I reported in machine shorthand the proceedings

had in the above-entitled cause; that I thereafter caused to

be transcribed into typewriting the above Report of

Proceedings, which I further certify is a true and correct

transcript of the proceedings had before the Honorable

RONALD A. HIMEL, Judge of said Court.




                        Nancy C. LaBella, CSR, RPR, CRR
                        Official Court Reporter
                        License Number 084-002970




                              C-4