# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7632 | **DATE** | 6/17/2003 |
| **CASE TITLE** | SHAWN EDWARDS vs. DONALD SNYDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Donald Snyder's motion to dismiss is granted. Shawn Edwards' Petition for Writ of Habeas Corpus is dismissed without prejudice and with leave to reinstate the petition once he has exhausted his state remedies by seeking a writ of mandamus in the state courts.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 18 2003 | 22 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 02 C 7632 |
| v. ) | |
| ) | Honorable John W. Darrah |
| DONALD SNYDER, Director ) | |
| Department of Corrections; and ) | |
| JERRY L. STERNES, Warden of the ) | |
| Dixon Correctional Center, ) | |
| ) | |
| Respondents. ) | |

DOCKETED

## MEMORANDUM OPINION AND ORDER

JUN 1 8 2003

This matter comes before the Court on prisoner Shawn Edwards' ("Edwards") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Donald Snyder, the Director of the Illinois Department of Corrections, and Jerry L. Sternes, Warden of Dixon Correctional Center in Dixon, Illinois, where Edwards is in custody. For the following reasons, Edwards' petition is dismissed without prejudice.

## BACKGROUND

Following a bench trial, Edwards was convicted of first-degree murder. On March 23, 1994, Edwards was sentenced to twenty years' imprisonment. Edwards appealed, and his conviction was affirmed. While his appeal was pending, Edwards filed a *pro se* petition for post-conviction relief, alleging several constitutional errors as well as a claim of actual innocence based on a witness's recantation. On December 11, 1995, the trial court granted Edwards' post-conviction petition; and, on January 11, 1996, Edwards was released on bond pending a new trial.

The state appealed. On August 14, 1997, the Illinois Appellate Court reversed the grant of

post-conviction relief and remanded for further post-conviction proceedings. On November 18, 1997, Edwards was returned to the custody of the Illinois Department of Corrections ("IDOC"). IDOC added the one year, ten months, and twelve days Edwards was on bond to his sentence and informed him that he would be required to complete a three-year period of mandatory supervision upon his release from prison on August 7, 2004, pursuant to 730 Ill. Comp. Stat. 5/5-8-1(d).

On May 19, 2002, Edwards filed a *pro se* petition for mandamus in the Circuit Court of Lee County, Illinois, alleging that the three-year mandatory supervised release was to be served concurrently with his judicially imposed sentence. Edwards' petition presented the following questions: whether (1) IDOC can sentence an offender, (2) IDOC can modify a judgment set by a court, (3) an offender can be sentenced to a consecutive sentence for a single conviction where there are no aggravating factors present to enhance the sentence, and (4) it is a violation of the Eighth Amendment to require an offender to serve a three-year period of mandatory supervision after his release. On June 14, 2002, Edwards' petition for mandamus was dismissed. Edwards did not appeal the dismissal of his petition for mandamus. Edwards did not file any other petitions for mandamus.

On January 8, 2001, Edwards filed a Motion for Order *Nunc Pro Tunc*, seeking a determination that the time spent on bond should not have been added to his sentence and that the period of mandatory supervision should be served concurrently with his sentence. Edwards also filed a Motion for Amended Mittimus, seeking the same relief. On April 20 and September 13, 2001, the trial court denied both motions.

On October 23, 2002, Edwards filed a *pro se* Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of Illinois. This petition asserted two grounds

for relief: (1) that the one year, ten months, and twelve days he was on bond should not have been added to his sentence and (2) that he should not be subject to a three-year period of mandatory supervision after his release. In a minute order dated February 10, 2003, the Court dismissed Edwards' second ground for relief, holding that:

> Illinois law provides that "every sentence shall include as though written therein a term in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (2000). Because Edwards was convicted of first degree murder, he is subject to three years of mandatory supervised release, even though the judge did not specifically note this when he sentenced Edwards.

The Court reserved ruling on Edwards' first ground for relief, noting that "[w]hether or not the conditions of Edwards's bond were such that they constituted 'custody' for purposes of determining his sentence is not apparent from this record" and ordering respondents to answer or otherwise plead to the petition.

## LEGAL STANDARD

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2002). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest

court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citations omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

Donald Snyder ("Respondent") moves to dismiss Edwards' petition, arguing that Edwards has failed to exhaust state court remedies because he never raised the issue of whether the time he was not in custody while on bond should have been added to his sentence in his petition for mandamus. Edwards argues that his petition should not be dismissed because state court proceedings cannot protect his rights as his sentence will expire before he can exhaust his state court remedies.

Here, it is undisputed that Edwards did not raise the issue of whether the time he was out on bond pending a new trial should have been added to his sentence in his May 19, 1999 petition for mandamus. It is also undisputed that Edwards did not appeal the dismissal of his petition for mandamus or the denial of his other motions, which did raise the issue, to the Illinois appellate courts. Thus, it is clear that Edwards has failed to exhaust his state court remedies as to this claim.

However, § 2254 provides an exception to the exhaustion of state court remedies requirement if "there is an absence of available State corrective process . . . or circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i), (ii). The Court

of Appeals for the Seventh Circuit has "held that '[a] petition for a writ of mandamus in a state court must be exhausted where that proceeding was designed to protect the rights asserted [in the federal habeas corpus petition]'." *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1196 (7th Cir. 1984) (quoting *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982) (citations omitted)). The Seventh Circuit reasoned that in such cases, "[t]he issue . . . is whether a state mandamus remedy is available to and must be exhausted by the petitioner." *Johnson*, 734 F.2d at 1196.

"Mandamus is the appropriate means to compel public officials to comply with statutory or constitutional duties." *Overend v. Guard*, 98 Ill. App. 3d 441, 443 (1981).

> *Mandamus* relief is an extraordinary remedy used to direct a public official or body to perform a duty which the plaintiff has a clear right to have performed and which is ministerial, *i.e.*, a duty which does not involve the exercise of judgment or discretion. . . . *Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised.

*Crump v. Ill. Prisoner Review Bd.*, 181 Ill App. 3d 58, 60 (1989) (internal citations omitted) (italics in original).

Here, Edwards seeks to have the Department of Corrections correct his release date to reflect the time he spent on bond, which he believes was time spent in "custody" under Illinois law. "Under Illinois law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with law." *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982). Thus, there is an available state corrective process that would adequately protect Edwards' rights; and there are no circumstances that would suggest that a state mandamus action would be ineffective at protecting his rights. § 2254(b)(1)(B)(i), (ii).

Moreover, as was noted above, this claim has not been fairly presented to or considered by

the state courts. "Considerations of comity are therefore especially strong here, since state courts should have the first opportunity 'to mend their own fences.'" *Johnson*, 734 F.2d at 1200 (quoting *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). Therefore, Respondent's Motion to Dismiss is granted.

## CONCLUSION

For the reasons stated herein, Donald Snyder's Motion to Dismiss is granted. Shawn Edwards' Petition for Writ of Habeas Corpus is dismissed without prejudice and with leave to reinstate the petition once he has exhausted his state remedies by seeking a writ of mandamus in the state courts.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 17, 2003